FILED
United States Court of Appeals
Tenth Circuit

May 1, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RONALD E. SEYMORE,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

Defendant-Appellee.

No. 11-5091
(D.C. No. 4:10-CV-00167-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **McKAY**, and **BALDOCK**, Circuit Judges.

Ronald Seymore appeals the Social Security Commissioner's denial of his

applications for social security disability insurance and supplemental security

income benefits. Exercising jurisdiction under the 42 U.S.C. § 405(g) and

28 U.S.C. § 1291, we affirm.

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Seymore argues on appeal that the Administrative Law Judge (ALJ) erred in denying benefits at step four of the sequential evaluation process for determining disability by failing to consider his mental impairments in determining that he could perform his past relevant work as a home telemarketer.[1] Mr. Seymore does not dispute, however, that the ALJ properly determined that his mental impairments did not constitute severe impairments at step two of the sequential evaluation process during the relevant time period. Rather, Mr. Seymore argues that the ALJ erred: (1) by failing to consider his nonsevere mental impairments as part of the determination of his residual functional capacity (RFC) at step four; and (2) by failing to include the nonsevere mental impairments in the hypothetical question submitted to the vocational expert (VE) at the hearing in May 2009.

We reject Mr. Seymore's arguments. To begin with, he has inexplicably failed to substantively challenge the ALJ's pivotal determination that his mental impairments did "not affect his ability to perform work-related activities." Aplt. App., Vol. 3 at 401. Instead, Mr. Seymore argues that the ALJ actually found that he has "mild" mental impairments, but then erred by failing to include those

_____

[1] Although Mr. Seymore's disability applications were initially based on alleged impairments related to his loss of vision in his left eye, other problems in his right eye, and hypertension, his step-four arguments in this appeal are focused exclusively on his alleged mental impairments. We thus limit our analysis to those impairments.

impairments in the RFC determination and VE hypothetical at step four.

However, this argument is based on a misreading of the administrative record.[2]

Mr. Seymore has also failed to mount any challenge to the ALJ's determination that the Global Assessment of Functioning (GAF) score of 60 that was assessed by his therapists in 2006, which indicated only "moderate" difficulties in occupational functioning according to the DSM-IV,[3] showed no cognizable work-related impairments. *See id.* at 401-02. Given these shortcomings in his appellate arguments, we conclude that Mr. Seymore has failed to establish reversible error at step four.

We also reject Mr. Seymore's other arguments. First, the ALJ was correct in disregarding the additional GAF score of 52 since it was reported by a counselor who is not an acceptable medical source. In addition, the score is not consistent with the objective medical evidence in the administrative record, which shows treatment for mental impairments, but no specific work-related limitations.

---

[2]    In his initial decision in this matter, the ALJ found that Mr. Seymore had "mild difficulties in maintaining social functioning . . . [and] mild deficiencies of concentration, persistence, or pace." Aplt. App., Vol. 2 at 21. But in the remand decision that is at issue in this appeal, the ALJ specifically found that Mr. Seymore's mental impairments did "not affect his ability to perform work-related activities," *id.*, Vol. 3 at 401, and the ALJ expressly abandoned the "findings" and "conclusions" in his prior decision, *id.* at 402.

[3]    *See* Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (DSM–IV) 32 (4th ed.1994).

Second, Mr. Seymore's challenges to the ALJ's adverse credibility determination do not in any way undercut the ALJ's dispositive RFC findings at step four.

The judgment of the district court is affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge